Judge Carr:
The controversy in this case depends on that part of the will of John JL. Thornton, by which he devises to his brother-in-law, Francis Thornton, and his sister Jane, (they being man and wife,) all the residue of his estate, real and personal, to them and their heirs, forever, on certain conditions, which it is not material to state. The wife, Jane, has since died, leaving two infant children, who, by their next friend, have filed this bill against their father, claiming their mother’s moiety of the'land and personal estate. The only question raised in the argument, was this;—when real estate is given to husband and wife, and their heirs, are they joint-tenants, and within the operation of our act of Assembly, which abolishes the right of survivorship ?
Joint-tenants are said to be seised per my et per tout, by the half and by all; that is, (as Blachstone explains it,) they each of them have the entire possession, as well of every parcel, as of the whole. The most striking incident in joint-estates, is the right of survivorship; “the natural and regular consequence (says Blachstone) of the union *183 and entirety of their' interest.” Joint-tenancy may be severed and destroyed by alienation, or any act which destroys either of its four constituent unities; and whenever, or by whatever means, the jointure ceases, or is severed, the jus accrescendi, at the same instant, ceases with it. But, though the jointure might be destroyed by various acts, yet, at the common law, there was no mode, by which a partition might be compelled; so that the joint-tenants might hold, each his moiety in severalty. To remedy this inconvenience, the statutes of 31st and 32d Hen. 8, gave the writ de partitione facienda, by which joint-tenants, and tenants in common, might be co-acted and compelled (as the statute expresses it,) to make partition. The first of these statutes applied to estates of inheritance only; the second took in estates for life or years; neither of them comprehended personal chattels. Now, although these laws use the broadest terms, ilall joint-tenants that be, or hereafter shall be, of estates of inheritance,” &c. may be compelled to make partition, &e.; yet it is most certain, that they have never been supposed to reach the case of lands given in fee, (or for any lesser estate,) to husband and wife; for all the books, from the oldest I have, been able to examine, down to the present day, agree, una voce, in this; that husband and wife, not only cannot compel each, other to make partition, but that even if they concur in the wish, they have not the power, to sever the tenancy. It is a sole, and not ay'omf-tenancy. They have no moieties. Each holds the entirety. They are one in law", and their estate one and indivisible. If the husband alien, if he suffer a recovery, if he be attainted; none of these will affect the right of the wife, if she survive him. Nor is this by the jus accrescendi. There is no such thing between them. That takes place, where,, by the death of one joint-tenant, the survivor receives an accession, something which he had not before, the right of the deceased. But husband and wife have the whole, from the moment of the convey *184 anee to them; and the death of either cannot give the sury¡y0r more.
T° shew that the language I hold, is not too strong, I quote two or three, out of the numerous cases, to be found on this subject. In Colee Littleton, 187, b. we have the following case. William Ocle and Joan his wife purchased lands to them two and their heirs. After, William was attainted of high treason for the murder of the King’s father, Edward 2d, and was executed. Joan his wife, survived him. Edward 3d, granted the lands to Stephen de Bitterly and his heirs. John Hawkins, the heir of Joan, in a petition to the King, discloseth this whole matter; and upon a scire facias against the patentee, hath judgment to recover the lands, for the reason (says my Lord Coke) here yielded by our author. This reason was, that husband and wife are one in law, and there are no moieties between them. In the same page it is said, “ If an estate be made to a villein, and his wife being free, and to their heirs, albeit they have several capacities, viz. the villein to purchase for the benefit of his lord, and the wife for her own, yet if the lord of the villein enter, and the wife surviveth her husband, she shall enjoy .the whole land, because there be no moieties between them.” In 3 Rep. 5, a case is cited from Moor, which I have examined. It is a very strong one. The husband levied a fine; but this was decided to have no effect on the wife’s interest The reason given is, that there are no moieties between them; but both have the whole; and it is added, that dtt^ ring the wife’s life, the jointure can by no possibility be severed. Here it may be remarked, that in this case it is called a. jointure, and in several others, sometimes a joint-estate, and sometimes they are called joint-tenants. But I consider this a looseness of phrase merely. The estate being given to two, which in every other ease would make a joint-tenancy, it is thought that these words approach nearer to a description of it, than any others that could be *185 used, without a good deal of circumlocution. In Glaisler v. Hewer, 8 Ves. 195, the bankrupt had, many years before bankruptcy, but during coverture, bought land, and taken the deed to himself and wife, and their heirs. The Master of the Rolls says, “ unless the joining the wife was merely colourable and fraudulent, without intention of giving her any estate, it is not made to the only use of the bankrupt; and in a purchase jointly with his wife, he has no use which he might lawfully depart with, so as to bind her; for the same words in a conveyance to husband and wife, that would make a joint-tenancy in others, gives the entirety to them; and the husband, as against her, cannot pass any right, title or interest; but if she survives, the whole must accrue to her. His conveyance is not good for a moiety.” In Doe v. Parratt, 5 T. Rep. 652, Lord Kenyon says, “ It seems to me, from the manner in which the case is drawn, that it was intended to be argued, that the devise in the will to the nephew and his -wife, created a joint-tenancy; but that question has been properly abandoned; for though a devise to A. and B. who are strangers to, and have no connexion with each other, creates a joint-tenancy, the conveyance by one of whom severs the joint-tenancy, and passes a moiety; yet it has been settled for ages, that when the devise is to husband and wife, they take by entireties and not by moieties, and the husband alone cannot by his own conveyance, without joining his wife, divest the estate of the wife.”
' Thus stood the law, and thus it had been settled for centuries, when the statutes of 31st and 32d Hen. 8, was substantially copied into our Code. This was done at the revisal of 1779, passed in 1785, and taking effect in 1787. 12 Hen. Stat, at Large, p. 349. It is impossible to suppose, that the learned and able lawyers, who were the authors of that revisal, were unacquainted with the state of the law on this subject. They could not but know, that the case of husband and wife had never been considered, either within the letter, or the mischief, of these statutes. *186 The first section of our law of “ Partitions, Joint Rights and Obligations,” giving the writ of partition, Sic. is, in substance, taken from those acts. Within this first section then, it cannot have been intended to include, the case of husband and wife. And yet, if that case had been thought to require the remedy given to joint-tenants and tenants in common, this was the place for it; and nothing would have been easier than to have said, that in all cases where .husband and wife take an estate, which would have made them joint-tenants, if unconnected with each other, they shall henceforth be held joint-tenants, and compellable to make partition. The absence of all provision on the subject, furnishes strong ground to conclude, that the case was not considered within the mischief of the statute. But let us see whether the second section includes it. It may not be amiss to remark, by the way, that the words which are'thrown into a second section, in the subsequent revisions, formed a part of the first, in the original act. After enacting that joint-tenants and tenants in common, may be compelled to make partition, the act proceeds thus; “ If partition be not made between joint-tenants, whether they be such as might have been compelled to make partition or not, or of whatever kind the estates or thing holden or possessed be, the parts of those who die first shall not accrue to the survivors; but shall descend or pass by devise, and shall be subject to debts, charges, curtesy "or dower, or transmissible to executors or administrators, and be considered, to every other intent and purpose, in the same manner as if such deceased joint-tenants had been tenants in common.” Does this section comprehend the case of husband and wife? I answer no; first,"because the law applies to none but joint-tenants, which I have shewn that husband and wife are not; secondly, it is said, “ the parts of those who die first shall not accrue to the survivors;” shewing that the law contemplated those only, who had parts or moieties; and all the cases shew, that between husband and wife, there are no parts or moieties, nothing which *187 the act of the one can take from, or his death add to, the other. As to the words, “ whether they be such as might have been compelled to make partition or not,” I say they still apply to joint-tenants only; “whether they be such (joint-tenants) as might have been compelled,” &c. And has not this clause, in its correct sense, sufficient matter to operate upon ? Are there not many joint-tenants not compellable to make partition ? Neither the statutes of Hen. 8, nor our law. give the writ of partition in joint tenancies of personal chattels. Now we know there are many such. Littleton says, section 281, “If a horse, or any other chattel personal, be given to many, he which surviveth shall have the horse only. ” Here is a wlicle class of cases, where partition could not be compelled, and from which, by the operation of this clause, the jus accrescendi is taken away. That the clause pointed to this class, is most evident, from the words, “of whatever kind, the estate or thing holden, or possessed, be,” and the further words, “or transmissible to executors or administrators.” This satisfies the clause perfectly, without extending it to a case neither within its letter or spirit. The words “of whatever kind the estate holden be,” seem to have inclined our excellent commentator on Blackstone, to the opinion, that this clause takes away survivorship between husband and wife. 2 Tuck. Black. 181. For the opinions of this gentleman, I have the highest respect. Bat, it seems to me, that these words were, in no wise, intended to reach such a case. The word “kind” (of whatever kind the estate be,) means, I think, to describe the quantity, not the quality, of the estate. The quality was already marked, by calling them joint-tenants. But, as there may be a joint-estate in fee, for life, or years, and as it was the intention of the act to abolish the right of survivorship in all joint-estates, it uses the terms “of whatever kind the estate may be.”
I have said nothing on the point in the cause, which was the ground of the Chancellor’s decree, because it was wished at the bar, that the opinion of the Court should he ex *188 pressed as to the tenancy of husband and wife; and thinkjng that decisive to support the decree, I have not exam in ed the other ground.
* am ^or affirming the decree.
Judge Gkeen:
The authorities referred to in the argument, shew incontestably, that a conveyance to husband and wife, during coverture, vested in each of them the same entire estate. Each was seised of the whole of the land, and not of part; as well as of the whole, as in the case of joint-tenants; and upon the death of one, the other continued to be seised of the whole, precisely as he or she held it in the life-time of the deceased. The survivor claimed nothing by the jus accrescendi. IJis estate was not enlarged, or added to, in any respect, by reason of his survivorship, as in the case of proper joint-tenants; where the part belonging to the deceased, accrued to the survivor. This resulted from the principle of law, that husband and wife were one; and, upon the same principle, a conveyance to a husband and wife and another, jointly, vested in the husband and wife a moiety, and in the third person a moiety; and they held by moieties as joint-tenants. But, the husband and wife held their moiety, not as joint-tenants, by moieties between them; but as one sole tenant, in whom the whole indivisible interest in that moiety vested. Nor could this interest be severed by any act of the husband or wife, or both of them. Such a conveyance to husband and wife, had precisely the same effect in law, as if the land had been given to them, during the lives of both, and after the death of either, to the survivor alone.
The question is, whether our statute concerning Joint Rights and Obligations, affects, in any way, such an estate as this. The words of the statute are, “If partition be not made between joint-tenants, whether they be such as might have been compelled to make partition or not, or of what *189 ever kind the estates or thing holden or possessed be, the parts of those who die first, shall not accrue to the survivors; but shall descend or pass by devise, and shall be subject to debts, charges, curtesy or dower, or transmissible to executors or administrators, and be considered to every other intent and purpose, in the same manner as if such deceased ioint-tenants had been tenants in common.” Upon this statute, I observe, that it was intended to apply only to cases, in which partition might have been made, in the life-time of the deceased party, either by legal process, or bv consent of the tenants. This is the necessary construction of the words, “ if partition be not made,” then the “ parts,” &£c. “ shall not accrue,” &c. In the case of a conveyance to husband and wife, no partition could be made, either coercively or by their consent; not because of their connexion as husband and wife, but because neither party had a right to claim any part in severalty, both being entitled to all. Again; the statute declares, that “ the parts of those who die, shall not accrue to the survivors.” This provision can apply only to cases, in which the tenants wore entitled in their life-times severally to parts of the subject. The husband and wife, in the case at bar, were not entitled to parts of the subject; but each was entitled to the whole; and the survivor claims the whole, not by receiving any addition or accession to his estate, or rights or interest, by the death of the other; but because be was entitled to the whole by the original conveyance. The statute intended to prevent the right which belonged to the deceased, and which might be disposed of in his life-time, from accruing to the survivor, and to devolve that, right upon the heir, devisee, executor or administrator of the deceased; not to give a new right to the representatives of the deceased, which he had not in his lifetime. In the case of husband and wife, neither could, in the life-time of the other, dispose of any interest in the lands so held by them, to the prejudice of the other surviving; as might be done in the case of proper joint tenants. If a husband were, in such case, to convey all his *190 interest in the land to a purchaser, and die, leaving the wife surviving him, the statute does not protect the purchaser, and could it be said, that a moiety should, under staJute> descend to his heir? Confining the statute to the case of proper joint-tenants, there was no occasion to provide for the safety of a purchaser from either; since, at the common law, his title would be valid, and he would hold as a tenant in common with the other joint-tenant. The construction insisted on by the appellees, would have the effect of vesting in the husband and wife new rights, to which they were not entitled by the effect of the conveyance under which they claim; and of taking away a vested right from the other. Such an effect ought not to be given to any statute, if it could, when it is susceptible of such a construction as will only tend to preserve existing rights, by repealing a rule of law, which, if unrepealed, might give such existing rights, in one event, to another. The expression, “ whether they be such as might be compelled to make partition or not,” applies to cases in which, although joint-tenants hold by parts, as for instance by moieties, they cannot, by legal process, be compelled to make partition; but may make partition by consent, or sever the joint-tenancy by the act of one of them. As if a joint-estate be given to a man and woman, who afterwards intermarry; they are joint-tenants, and hold by moieties. Yet, neither can compel the other to make partition; bat either may convey his or her part, and thus sever the joint-tenancy. And so in the case of a joint-interest in personal property, there were no legal means to compel a partition. It was to these cases that this expression applied. It appears by the provision, that executors and administrators might succeed to the parts of the deceased, that personal property was in the contemplation of the Legislature.
For these reasons, the decree should be affirmed.
Judges Coai/ter, Cabell and the President, concurred, and the decree was affirmed.